UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

LAWRENCE FOGARAZZO and
CAROLYN FOGARAZZO, Joint Tenants
With Rights of Survivorship, STEPHEN L.
HOPKINS, and DON ENGEL on behalf of
themselves, and all others similarly situated,

                Plaintiffs,

              - against -

LEHMAN BROTHERS, INC., GOLDMAN
SACHS & CO., and MORGAN STANLEY
& CO., INC.,

              Defendants.

-------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

03 Civ. 5194 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

        Lead Plaintiffs brought this securities class action on behalf of a class consisting of all persons who purchased or otherwise acquired RSL Communications, Inc. ("RSL") common stock between April 30, 1999 and December 29, 2000 (the "Class"). Lead Plaintiffs and defendants Morgan Stanley & Co., Inc. ("Morgan Stanley") and Goldman Sachs & Co. ("Goldman Sachs") have agreed to a cash settlement (the "Settlement") in the amount of $6,750,000.00 (the "Settlement Fund"), half of which will be paid by Morgan Stanley and half of which will be paid by Goldman Sachs (the "Settling Defendants" or "Defendants"). Lead Plaintiffs are represented by the Law Offices of Curtis V. Trinko, LLP ("Class Counsel" or "Plaintiffs' Counsel"). Class Counsel now moves, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an award of attorneys' fees of $2,250,000.00, which is one-third of the $6.75 million Settlement Fund, plus reimbursement of litigation related expenses of

$211,596.69, for a total award of $2,461,596.69.  For the following reasons, Class Counsel's
motion for attorneys' fees and costs is granted.

## I.      BACKGROUND

          Class Counsel diligently litigated plaintiffs' claims against defendants Morgan
Stanley and Goldman Sachs throughout the seven and one-half years of active litigation.
Plaintiffs prevailed on defendants' motion to dismiss the amended complaint and on both
motions for class certification.   Class Counsel conducted substantial merits discovery and
obtained expert opinions with regard to the issues of loss causation and damages.  In addition,
Class Counsel defended the four Lead Plaintiffs at their depositions as well as plaintiffs' loss
causation expert, Dr. Paul J. Irvine, at two separate depositions.

          During this entire litigation, Class Counsel accrued $4,362,899.50 in legal fees,
exclusive of costs.[1]  This lodestar figure represents 64.64% of the Settlement Fund.  Plaintiffs'
counsel have acknowledged that there is always a balancing of the interests of Class Counsel in
obtaining compensation versus the interests of the Class in realizing a significant return from the
settlement of securities class actions.  However, even if Plaintiffs' Counsel receives a fee award
of one-third of the Settlement Fund, it will only recover 51.6% of the accumulated lodestar
expended on this litigation ($2,250,000.00/$4,362,899.50).  Class Counsel's request for a fee
award of one-third of the Settlement Fund was disclosed in the Notice of Pendency of Settlement
sent to prospective Class members.  No objections to the requested fees was received from any
members of the Class.

_____

          [1]      *See* Summary Lodestar Chart, Ex. A to the 1/21/11 Amended Affidavit of Curtis
V. Trinko in Support of Lead Plaintiffs' Application for an Award of Attorneys' Fees and
Reimbursement of Expenses.  The hourly rates set out in the Summary Lodestar Chart are the
same rates Class Counsel charges for its services in other complex litigation.

As for requested litigation expenses, $136,690.97 in out-of-pocket expenses were accumulated by Plaintiffs' Counsel, as well as additional contractual obligations owed to others in the amount of $74,905.72, for a total of $211,596.69, which is less than the $300,000 disclosed in the Notice of Pendency of Settlement. No objections to the amount of expenses being sought was received from any members of the Class.

Plaintiffs' Counsel are also seeking awards for the four named Lead Plaintiffs in the aggregate amount of $32,000, to compensate them, in part, for the value of their efforts undertaken on behalf of the Class.[2] As set forth in the Declarations of the Four Lead Plaintiffs,[3] each Lead Plaintiff described in detail the services that they rendered on behalf of the Class and the hourly rates utilized in the valuation of their services. Based upon these Declarations, counsel seeks Lead Plaintiffs' awards in the following amounts: $10,000 to Don Engel; $10,000 to Stephen Hopkins; $8,000 to Lawrence Fogarazzo; and $ 4,000 to Carolyn Fogarazzo. The amount sought by the Lead Plaintiffs is less than the maximum amount of $40,000 disclosed in the Notice of Pendency of Settlement. No objections to these awards was received from any members of the Class.

## II.    LEGAL STANDARD

The PSLRA expressly permits courts to award attorneys' fees and costs that represent a "reasonable percentage of the amount of any damages and prejudgment interest

---

[2]     Each Lead Plaintiff devoted services well in excess of the amounts sought.

[3]     Jointly annexed to the Declaration of Curtis V. Trinko in Support of Final Approval of Settlement, Plan of Allocation, Lead Counsels' Application for an Award of Attorneys['] and Expenses, and Lead Plaintiff's Application for Incentive Awards.

3

actually paid to [a] class."[4]  "[A] litigant or a lawyer who recovers a common fund for the

benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from

the fund as a whole."[5]  "What constitutes a reasonable fee is properly committed to the sound

discretion of the district court, and will not be overturned absent an abuse of discretion, such as a

mistake of law or a clearly erroneous factual finding."[6]  In *Blum v. Stenson*, the Supreme Court

recognized that under the "common fund doctrine," a reasonable fee may be based on a

percentage of funds bestowed on the class.[7]  Courts therefore have two methods in which to

calculate fees: the "percentage method" and the "lodestar method."[8]

> Under the percentage method, the court simply awards counsel a
> reasonable percentage of the recovery as a fee.  The lodestar method
> requires the court to scrutinize the fee petition to ascertain the
> number of hours reasonably billed, then multiply that figure by an
> appropriate hourly rate.  The trend in this Circuit is toward the
> percentage method, which directly aligns the interests of the class and
> its counsel and provides a powerful incentive for the efficient
> prosecution and early resolution of litigation.  The lodestar method,
> by contrast, creates an incentive for attorneys to bill as many hours
> as possible, to do unnecessary work, and for these reasons also can
> create a disincentive to early settlement.  The Second Circuit
> therefore encourages district courts to use the lodestar method
> primarily as a "cross-check" for the percentage method.  Any
> percentage award, however, must still be assessed for reasonableness

---

[4]   15 U.S.C. § 78u-4(a)(6).

[5]   *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

[6]   *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) (citation omitted).

[7]   465 U.S. 886, 900 n.16 (1984).

[8]   *See Goldberger*, 209 F.3d at 50 ("[W]e hold that both the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases.").

4

using the *Goldberger* criteria.[9]

"[D]istrict courts should continue to be guided by the traditional criteria in determining a reasonable common fund fee, including: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."[10] The level of litigation risk and the complexity of the issues presented are important factors in a fee award.[11]  In fact, courts in this Circuit have held that the level of litigation risk is often the "most important" factor.[12]

Admittedly, "the trend within this circuit after *Goldberger* has been to award attorneys' fees in amounts considerably, less than 30% of common funds in securities class actions, even where there is a substantial contingency risk."[13]  However, even after *Goldberger*, courts in this Circuit have awarded fees based upon percentages which approximate the contingent fee model.[14]  Finally, where the total award computed under the percentage method is

---

[9]      *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2010 WL 2653354, at *2 (E.D.N.Y. June 24, 2010) (quotation marks and citations omitted).

[10]      *Goldberger*, 209 F.3d at 50 (quotation marks, citation and ellipsis omitted).

[11]      *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-49 (9th Cir. 2002).

[12]      *See. e.g., In re Bristol-Myers Squibb Sec. Litig.*, 361 F. Supp. 2d 229, 233 (S.D.N.Y. 2005) ("The first, and most important, *Goldberger* factor is the risk in pursuing the case.").

[13]      *In re Arakis Energy Corp. Sec. Litig.*, No. 95 CV 3431, 2001 WL 1590512, at *9 (E.D.N.Y. Oct. 31, 2001).

[14]      *See, e.g., Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,  504 F.3d 229, 249 (2d Cir. 2007) (affirming award equal to thirty percent of a $42.5 million settlement fund); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 587 n.8 (S.D.N.Y. 2008) (citing cases where the awards have been between thirty percent and one-third of the total settlement funds); *Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S,

5

significantly less than the lodestar figure, a higher percentage may be warranted.[15]

## III.   DISCUSSION

### A.   Application of the *Goldberger* Factors

Application of the *Goldberger* factors supports the amount of fees requested by

Class Counsel.  *First*, Class Counsel expended 10,989.60 hours in this litigation.  This time was

spent, in part, on the following tasks: (1) reviewing and analyzing voluminous publicly filed

SEC reports, financial reports, analysts' reports, and press releases concerning Defendants'

coverage of RSL; (2) researching the law applicable to the claims and defenses asserted; (3)

filing a fact-specific amended complaint; (4) completing discovery for, and defending against,

two motions to dismiss; (5) completing discovery for, and pursuing, two motions for class

certification; (6) reviewing over six hundred thousand pages of documents produced by

Defendants; and (7) conducting fifteen merits depositions and the depositions of two defense

expert witnesses, defending Plaintiffs' loss causation expert on two separate occasions, and

defending the Lead Plaintiffs at their depositions.  *Second*, courts have recognized that, in

general, securities actions are highly complex.[16]  This case is no exception.  Here, Plaintiffs

alleged that during the specified Class Period, the price of RSL's common stock was artificially

inflated as a result of untrue or materially misleading statements and omissions made by

Defendants in their equity research reports concerning RSL.  Thus, substantial and complex

———————————————

2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (same).

[15]   *See, e.g., In re Blech Sec. Litig.*, Nos. 94 Civ. 7696, 95 Civ. 6422, 2000 WL 661680, at *5 (S.D.N.Y. May 19, 2000) (awarding thirty percent of twelve million dollar settlement fund where thirty percent represented a negative multiplier of the lodestar).

[16]   *See, e.g., In re Metlife Demutualization Litig.*, 689 F. Supp. 2d 297, 332 (E.D.N.Y. 2010).

6

issues arose as to loss causation, Defendants' non-compliance with SEC rules and regulations, damages, and scienter. *Third*, Class Counsel undertook this representation on a contingent-fee basis and has not received, to date, any payment for the legal services provided or any reimbursement of litigation expenses incurred on behalf of the Class. At the outset of this litigation, it was apparent that Lead Plaintiffs faced formidable defenses as to proof of liability and damages. The risk of dismissal and, hence, non-recovery, was a very possible outcome under the PLSRA's heightened pleading standards. Under the circumstances, it was far from certain that any recovery, let alone $6.75 million, would ultimately be obtained. Thus, the litigation risk in this case supports a one-third fee award. *Fourth*, the quality of representation is beyond reproach given Class Counsel's thirty years of experience in prosecuting securities class actions. *Fifth,* the requested fee is reasonable in relation to the settlement. In view of the risks faced and overcome by Class Counsel, the recovery obtained for the Class, and the quality of representation, an award of one-third of the Settlement Fund is appropriate. Finally, with regard to the sixth *Goldberger* factor, "[p]rivate enforcement of the federal securities laws, as is the nature of the action here, is a necessary adjunct to government intervention because neither the SEC nor the Justice Department has sufficient assets to address all forms of securities fraud."[17] In sum, all six *Goldberger* factors support the requested fee.

## B.      The Lodestar Cross-Check

"Courts have continually recognized that, in instances where a lodestar analysis is employed to calculate attorneys' fees or used as a 'cross-check' for a percentage of recovery analysis, counsel may be entitled to a 'multiplier' of their lodestar rate to compensate them for

---

[17]      *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 1695, 2007 WL 4115808, at *7 (S.D.N.Y. Nov. 7, 2007).

the risk assumed by them, the quality of their work, and the result achieved for the class."[18]
Here, the lodestar figure is $4,362,899.50, which is almost twice the amount of fees requested.
Not only is Class Counsel not receiving a multiplier of their lodestar to compensate them for the
contingent risk factor, their fee request amounts to a deep discount from their lodestar. Thus, the
lodestar "cross-check" unquestionably supports a percentage fee award of one-third.

## IV.    CONCLUSION

Based upon the submissions of Class Counsel, as well as the argument presented
at the Fairness Hearing, the Court hereby awards Class Counsel attorneys' fees equal to one-
third of the Settlement Fund ($2,250,000.00).  This award recognizes the extensive level of
services devoted to the Class over the past seven and one-half years of litigation, balanced
against the interests of the Class in realizing a fair, reasonable and adequate outcome from this
matter.  In addition, the Court finds that such an award is fair and reasonable to the Class and
Class Counsel given the results achieved and the nearly $4.4 million lodestar figure.  Lead
Plaintiffs' Counsel are also entitled to $211,596.69 in unreimbursed litigation expenses, for an
aggregate award of $2,461,596.69.  Furthermore, the Court awards the Lead Plaintiffs the
aggregate amount of $32,000.00 from the Settlement Fund, in recognition of the value of their
services expended on behalf of the Class.  These awards are to be allocated in the manner set
forth above.[19]

In sum, based upon materials submitted to the Court and the oral argument at the
January 31, 2011 Fairness Hearing, I find that the proposed  Settlement is fair, reasonable and

---

[18]     *Id.* at *9.

[19]     For details regarding the terms of the Settlement and these awards, see  Final
Judgment and Order of Dismissal with Prejudice with Regard to Settling Defendants.

adequate, as is the proposed Plan of Allocation.  This Court hereby approves both the Settlement

between the Class and the Settling Defendants as well as the Proposed Plan of Allocation.  Also

approved is Lead Plaintiffs' request for incentive awards totaling $32,000.00 and Class

Counsel's request for attorneys' fees and costs in the amount of $2,461,596.69.


SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              February 23, 2011

9

# - Appearances -

**For Plaintiffs:**

Curtis V. Trinko, Esq.
Wai K. Chan, Esq.
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street
New York, NY 10036
(212) 490-9550

**For Defendant Goldman Sachs:**

Gandolfo V. DiBlasi, Esq.
Stephanie G. Wheeler, Esq.
David E. Swarts, Esq.
Sullivan and Cromwell LLP
125 Broad Street
New York, NY 10004
(212) 558-4000

**For Defendant Morgan Stanley:**

Peter D. Doyle, Esq.
Peter A. Bellacosa, Esq.
Lisa V. LeCointe, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

**For Defendant Lehman Brothers:**

Sarah L. Cave, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000