UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAWRENCE FOGARAZZO and
CAROLYN FOGARAZZO, Joint
Tenants With Rights of Survivorship,
STEPHEN L. HOPKINS, and DON
ENGEL on behalf of themselves, and all
others similarly situated,

                          Plaintiffs,

v.

LEHMAN BROTHERS, INC.,
GOLDMAN, SACHS & CO., and
MORGAN STANLEY & CO., INC.,

                          Defendants.

---

Civil Action No.
03 Civ. 5194 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/11

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE WITH REGARD TO SETTLING DEFENDANTS

### EXHIBIT B

This matter came before the Court for hearing pursuant to an Order of this Court, dated September 27, 2010, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated as of August 23, 2010 (the "Settlement Agreement"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

    2.    This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Members of the Class who did not timely file a request for exclusion

from the Class by the January 10, 2011 deadline pursuant to the Court's Order dated September 27, 2010.

3. The Court reiterates its prior Order of August 4, 2009 certifying this action as a class action and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court-appointed Class Representatives, Lawrence Fogarazzo, Carolyn Fogarazzo, Stephen L. Hopkins, and Don Engel, are typical of the claims of the Class they represent; (d) the Class Representatives have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased or otherwise acquired shares of RSL Communications, Inc. common stock between April 30, 1999 and December 29, 2000. Excluded from the Class are Lehman Brothers Inc. ("Lehman Brothers"), Goldman, Sachs & Co., and Morgan Stanley & Co. Incorporated, and their officers and directors, members of their immediate families, and the heirs, successors or assigns of any of the foregoing. Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed in Exhibit 1 hereto.

4. The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the

circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, the requirements of Due Process, and any other applicable law.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, Class Members, Goldman, Sachs & Co. and Morgan Stanley & Co. Incorporated (the "Settling Defendants"). Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Settlement Agreement.

6.     Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who timely requested exclusion from the Class before the January 10, 2011 deadline, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

7.  Upon the Effective Date, the Lead Plaintiffs and each of the Class Members (other than those Persons or entities listed on Exhibit 1 who have timely and validly requested exclusion from the Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8.  Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

9.  Any Person or entity, including but not limited to any Person or entity later named as a defendant or third-party in the Action, is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for contribution against the Released Persons (or any other claim against the Released Persons where the injury consists of actual or threatened liability to the Lead Plaintiffs, the Class or any Class Member(s), including but not limited to any amounts paid in settlement of such actual or threatened liability, and any other costs or expenses, including attorneys' fees) based upon the Released Claims and/or the Action, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, whether or not asserted in the Complaint, and whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other tribunal or forum in the United States or elsewhere.

10. The Released Persons are hereby permanently barred, enjoined and restrained from commencing, prosecuting or asserting against any Person or entity, including but not limited to any

Person or entity later named as a defendant or third-party in the Action, any claim for contribution (or any other claim where the injury to such Released Person(s) is any Person's or entity's actual or threatened liability to the Lead Plaintiffs, the Class or any Class Member(s), including but not limited to any amounts paid in Settlement of such actual or threatened liability, and any other costs or expenses, including attorneys' fees) based upon the Released Claims and/or the Action, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, whether or not asserted in the Complaint, and whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other tribunal or forum in the United States or elsewhere.

11. The Court shall reduce a future verdict or judgment entered against any Person or entity with respect to the Action for any claims as to which the rights of that Person or entity have been extinguished by virtue of the bar order contained in ¶ 9 of this Order by such amount determined by the Court under applicable law.

12. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

13. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment in any other action that may be brought against them in order to support a

defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way with regard to the Settling Defendants, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to either or both of the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated to such extent and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17. The Court hereby **GRANTS** Lead Counsel attorneys' fees of __33 1/3__ % of the Settlement Fund ($2,350,000.00) and expenses in an amount of $ __211,596.69/100__, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and

- 6 -

labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

18. The Court hereby **GRANTS** Lead Plaintiffs reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Class in the amount of $ _32,000.00_ w/o    See attached Rider

19. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

20. The awarded reasonable costs and expenses shall be paid to Lead Plaintiffs from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

21. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason to delay entry of judgment. The Clerk of the Court is directed to enter a final judgment dismissing the claims against the Settling Defendants.

DATED: 2/23/11

_____
The Honorable Shira A. Scheindlin
United States District Judge

## EXHIBIT 1

**List of Persons and Entities Excluded from the Class in**
*Fogarazzo, et al. v. Lehman Brothers, Inc., et al.*
Civil Action No. 03-Civ. 05194 (SAS)

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the ___Jan. 10___, 2010 deadline pursuant to the Court's Order dated ___Sept. 27___, 2010:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| They were no "opt-outs!" | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

- 8 -

**RIDER** to the
FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE REGARD TO SETTLING DEFENDANTS

The amount referenced in paragraph eighteen (18) will be distributed as follows:

| | |
|---|---|
| Dan Engler | $10,000.00 |
| Stephen Hopkins | $10,000.00 |
| Lawrence Fogarazzo | $ 8,000.00 |
| Carolyn Fogarazzo | <u>$ 4,000.00</u> |
| | $ 32,000.00 |